USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/22/2016

January 19, 2016

Honorable Gregory H. Woods
United States District Court for the Southern District of New York
500 Pearl Street, Room 12C
New York, NY 10007

**MEMORANDUM ENDORSED**

**RE: PLAINTIFF'S PRE-MOTION SUBMISSION IN ADVANCE OF A MOTION FOR SUMMARY JUDGMENT AGAINST THE METROPOLITAN MUSEUM OF ART,** *Joseph v. The Metropolitan Museum of Art and The City of New York*, 15 CV 9358

Dear Honorable Judge Woods:

In light of the factual concessions made by The Metropolitan Museum of Art (the "MET") and its lawyers both in public statements and in its motion to dismiss this action filed on January 12, 2016, the Plaintiff respectfully submits this pre-motion letter in advance of a motion for summary judgment as a matter of law, as there remain no genuine disputes as to any material facts. Please see the factual, legal and logical bases below.

1. <u>Factual Basis</u>

    The MET and its lawyers admit and agree to the following, that:

    a. the Racist Artworks (as defined in the Complaint), Jesus Christ's physical features were falsified to misrepresent him as a blonde haired, fair-skinned Aryan male to cater to a white audience (*i.e.*, "local audience").

    b. the MET's decision makers (*i.e.*, the MET's board of trustees and curators, who cannot in good conscience be described as a "diverse" group of people because they're almost exclusively all white[1]), are aware that Jesus Christ's physical features were falsified in the manner described above and in spite of that knowledge, continue to endorse the inclusion of the Racist Artworks as a part of the MET's permanent collection for public display.

    c. the Racist Artworks are included in the MET's collection in part because of its "history of controversy over the way Jesus should be depicted."

    d. it is a matter of public record that the MET receives public funding both from The City of New York and the federal government.

    e. the Plaintiff signed the Complaint to attest that the Racist Artworks are anti-Semitic, racist, offensive and discriminatory against him on the basis of his

---

[1] The MET's decision makers are so homogenous that the MET does not even employ minority curators for the (i) "Arts of Africa, Oceania, and the Americas" and (ii) Egyptian Art. The curators at the MET for all departments are almost exclusively all white.

race/color/national origin because they cater to a white audience to and has an adverse disparate impact on him on a protected basis.

2. <u>Legal Basis</u>

In light of the agreed upon facts, the only issue in dispute is whether the Racist Artworks' adverse discriminatory impact on the Plaintiff on the basis of his race/color/national origin may be remedied by this Court. The Plaintiff asks this Court for a summary judgment as a matter of law, for the reasons outlined below.

    a. <u>Titles II and VI of the Civil Rights Act of 1964 ("Titles II and VI")</u>

The MET violates Titles II and VI because it intentionally and knowingly publicly displays artworks that change the features of an important historical and public figure of ancient Hebrew descent from the Middle-East, to a blonde haired, fair-skinned male, which caters to a white-audience without respect for the adverse disparate impact ("discriminatory impact") it has on the minorities from whom this historical icon was taken.[2]

The MET and its lawyers maintain that the Plaintiff has to prove discriminatory intent and cannot, but this is wrong.

    i. Discriminatory intent is generally not required to prove disparate impact under antidiscrimination statutes. *Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 645-46 (1989). In Title II cases, the Second Circuit and its district courts, including this Court, have looked to Title VII and Section 1981 to decide whether racial discrimination occurred (see, *Olzman v. Lake Hills Swim Club, Inc.*, 495 F.2d 1333 (2d 1974) and *Perry v. Burger King Corp.*, 924 F.Supp 548 (S.D.N.Y. 1996)), and it is well in established there that discriminatory intent isn't necessary to prove if the Plaintiff can show discriminatory impact.

In light of the remedies sought in this action, it would be particularly unjust to require a showing of discriminatory intent where the Plaintiff is only asking for injunctive relief to end the discrimination, and to clarify as a matter of federal law that the MET's collection of artwork has a discriminatory impact on the basis of race/color/national origin. Even if the MET was previously unaware of the discriminatory impact of the artworks in its collection, it certainly knows now.

    ii. Even if the Plaintiff must show discriminatory intent to prove discrimination under Title VI, unlike in the cases that the MET cites in its defense, it is clear in this case that the MET intended to do the thing that directly caused the harm to the Plaintiff, and further, the MET admits that these artworks are included in its collection in part because of its "history of controversy over the way Jesus should be depicted;" hypocritically, however, the MET

---

[2] The MET simultaneously publicly displays artworks that depict minorities in servants roles in paintings like Paris Bordon's Portrait of a Man in Armor With Two Pages, which a reasonable person would find discriminatory and misrepresentative the roles of the people of color in history when artworks are hanging that misrepresent the appearance of important historical icon as blonde-haired, fair-skinned.

voluntarily removed depictions of another important historical figure, Prophet Muhammad, because of controversy back in 2010.[3]

    b. <u>MET's Continued Misguided Defense re: First Amendment</u>

MET and its lawyers continue to misread the Complaint, thus their arguments are not responsive and fail. The Plaintiff is not claiming that The City of New York is violating his First Amendment rights nor is he claiming that the MET is engaging in government speech. As written in the Complaint, the Plaintiff's First Amendment claim against The City of New York simply asks this Court to declare that The City of New York engaged in government speech that exceeds the discretion allowed it under the First Amendment by using public funds to support the MET which publicly displays Racist Artworks in violation of the Civil Rights Act of 1964, and thus the City of New York violated the First Amendment in a manner that discriminates against him on the basis of race/color/national origin.

3. <u>Logical Basis</u>

The MET's lawyers boast that the MET is diverse and that its collections represent diverse perspectives, but how can this be when the MET's almost all white board of trustees hire an almost all white group of curators and this non-diverse group of decision makers at the Met decide what version of art history is to be preserved and impressed upon the public audience? How can it be that this very non-diverse group of decision makers can hide behind the corporate veil of the MET and claim that the MET's collections somehow represent a diverse perspective that doesn't discriminate against the Plaintiff on a protected basis, when this case itself is proof of discriminatory impact it has on the Plaintiff? How can this non-diverse group of decision makers at the MET insist that their homogenous perspective of what depictions of important historical figures ought be preserved in the walls of the MET be absolute, irrespective of the discriminatory impact the artworks has on certain groups of people?

Dated this 19th day of January, 2016.

Sincerely,

Justin Renel Joseph, *Plaintiff*

Plaintiff's request for a pre-motion conference and leave to file a motion for summary judgment is denied. The parties should address the outstanding motions to dismiss the complaint, which have not yet been fully briefed. Pursuant to the Court's December 22, 2015 order, plaintiff's response to the motions to dismiss, either in the form of an amended complaint or an opposition to the motions, is due no later than February 2, 2016. If plaintiff's complaint survives the motions to dismiss, the Court will set a hearing to discuss a discovery schedule and motions for summary judgment, if any.

SO ORDERED.

Dated: January 22, 2016  
New York, New York

                                        GREGORY H. WOODS  
                                        United States District Judge