Index No. 15-cv-9358 (GHW)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUSTIN RENEL JOSEPH,

                                  Plaintiff,

- against –

METROPOLITAN MUSEUM OF ART; and
CITY OF NEW YORK,

                                  Defendants.

**REPLY MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT CITY OF NEW YORK'S MOTION
TO DISMISS THE COMPLAINT**

                         *ZACHARY W. CARTER*
                         *Corporation Counsel of the City of New York*
                         *Attorney for Defendant City of New York*
                         *100 Church Street, Rm. 2-113*
                         *New York, NY 10007*

                         *Of Counsel:  Omar H. Tuffaha*
                         *Tel:  (212) 356-0896*
                         *Matter No. 2015-05856*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
JUSTIN RENEL JOSEPH,

                              Plaintiff,

      -against-                       15-cv-9358 (GHW)

METROPOLITAN MUSEUM OF ART; and
CITY OF NEW YORK,

                              Defendants.
------------------------------------------------------------------------ x

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CITY OF NEW YORK'S MOTION TO DISMISS THE COMPLAINT**

**PRELIMINARY STATEMENT**

Plaintiff brings this action against the Metropolitan Museum of Art ("The Met") and the City of New York ("City"), asserting causes of action under the First Amendment and the Civil Rights Act of 1964. He seeks to have the Court compel the removal of four paintings (the "Paintings") on display in The Met's gallery, which were painted by European artists in the sixteenth and eighteenth centuries and which, according to Plaintiff, depict Jesus as a "blonde haired, fair-skinned, Aryan adult male." The City and The Met separately moved to dismiss the Complaint on January 12, 2016 pursuant to Federal Rule of Civil Procedure 12(b)(6), on the ground that Plaintiff fails to state a claim under either the First Amendment or the Civil Rights Act of 1964. Plaintiff has filed opposition memoranda, dated February 2, 2016, in response to both motions. The City now respectfully submits this reply memorandum of law in further support of its motion to dismiss the Complaint.

# ARGUMENT

## POINT I

### PLAINTIFF FAILS TO STATE A CLAIM UNDER THE CIVIL RIGHTS ACT OF 1964

As set forth in the City's moving memorandum, Plaintiff fails to state a claim under Title II of the Civil Rights Act of 1964 as he has failed to allege that he was deprived of the equal use and enjoyment of The Met's services, and fails to set forth any facts that could give rise to a plausible inference of discriminatory intent. City Mem. 12-14, ECF No. 23. Likewise, Plaintiff's failure to put forth any facts to support his conclusory allegations of discrimination is fatal to his claim under Title VI of the Civil Rights Act of 1964, which requires proof of intentional discrimination. Id. at 14-15.[1] In his opposition, Plaintiff fails to meaningfully refute these arguments, but rather continues to rely on conclusory allegations of discrimination.

Plaintiff states, for instance, that: "the Racist Artworks discriminate against him on a protected basis because they change the physical features of an important historical icon to remake him into a blonde-haired, fair-skinned Aryan male," Pl.'s Opp. to City. Mem. 7, ECF No. 33; that "Plaintiff attests that the racist Artworks are anti-Semitic, racist, offensive and discriminatory on the basis of his race/color/national origin," id. at 3; and that "the Met's display of artworks [] discriminate[s] on a protected basis by catering to one racial group to the detriment of any other racial groups." Id. at 8. However, Plaintiff fails to support these bald assertions with

---

[1] Plaintiff argues that Title VI does not require intentional discrimination, citing Lau v. Nichols, 414 U.S. 563 (1974). However, the Supreme Court, in Alexander v. Sandoval, explicitly stated that the Court has "since rejected Lau's interpretation of [Title VI] as reaching beyond intentional discrimination" and confirmed that "it is beyond dispute – and no party disagrees – that [Title VI] prohibits only intentional discrimination." Alexander v.Sandoval, 532 U.S. 275, 280-85 (2001). Similarly, Courts in this Circuit have consistently held that claims under Title II require facts showing racially discriminatory intent. See, e.g., Coward v. Town & Vill. Of Harrison, 665 F. Supp. 2d 281,307 (S.D.N.Y. 2009).

any non-conclusory facts. Plaintiff's allegations are thus wholly insufficient to sustain his claims under Titles II and VI of the Civil Rights Act of 1964.

## POINT II

### PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FIRST AMENDMENT

In his opposition papers, Plaintiff states that the City has misconstrued his argument, and that he in fact does not purport to assert a violation of his own First Amendment rights. See Pl.'s Opp. to City. Mem. 7 ("Nowhere in the Plaintiff's Complaint does [he] allege that NYC violated his personal First Amendment rights."). Plaintiff clarifies that his argument is instead that "if the Met is found in violation of the Civil Rights Act of 1964," then the City's provision of funding to The Met "would constitute unlawful government speech" in violation of the First Amendment. See Id. at 4. Thus, according to Plaintiff, the City's liability is premised on an initial finding that The Met's display of the Paintings violates the Civil Rights Act of 1964.

However, as set forth in Point I above, and in both the City's and The Met's moving memoranda, Plaintiff's claims of discrimination under the Civil Rights Act of 1964 are entirely without merit. Moreover, as explained in the City's moving memorandum, the mere provision of funding for a private entity's operating costs and capital needs does not render the City responsible for the actions of that entity. See, e.g., San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm., 483 U.S. 522, 544 (1987) ("The Government may subsidize private entities without assuming constitutional responsibility for their actions.").

In sum, Plaintiff's claim that the City's provision of funding to The Met is itself somehow in violation of the First Amendment has no basis in the law and must be rejected.

## **CONCLUSION**

For the reasons set forth above and in the City's moving papers, the City respectfully requests that its motion to dismiss be granted, that the Complaint be dismissed with prejudice, and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 9, 2016

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendant City of New York*
100 Church Street, Rm. 2-113
New York, New York 10007
(212) 356-0896
otuffaha@law.nyc.gov

By: _____s/_____
Omar Tuffaha
Assistant Corporation Counsel